Vinod Nichani, Esq. (Bar # 277607)
Nichani Law Firm
111 N. Market Street, Suite 300
San Jose, California 95113
Telephone: 408-800-6174

Dmitry Lapin, Esq. *pro hac vice pending*
Danchuk Law, LLC
2 Victoria Lane
Falmouth Maine 04105
Telephone: 207-464-0099
dmitry@emilyesquire.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTYNA DORSZ, an individual;<br><br>Plaintiff,<br><br>v.<br><br>ZAZZLE, INC., a California Corporation; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

Plaintiff Justyna Dorsz ("Dorsz" or "Plaintiff"), by and through her undersigned attorney, hereby prays to this honorable Court for relief based on the following:

**INTRODUCTION**

Plaintiff Justyna Dorsz is a Polish artist whose livelihood is dependent on her ability to license her artwork and sell merchandise bearing her designs.  Unfortunately, Dorsz's artwork has been misappropriated and incorporated into unauthorized apparel and personal accessory items being sold

1
COMPLAINT

on Defendant Zazzle, Inc.'s ("Zazzle") website and marketplace, www.zazzle.com ("Zazzle Website"). Despite the fact that Plaintiff has submitted DMCA takedown notices to Zazzle for the products on the Zazzle Website, the DMCA takedown notices have been largely ignored and Plaintiff's copyrights continue to be infringed. This action is brought to address Zazzle's failure to comply with Plaintiff's DMCA notices and the resulting ongoing and willful infringement of Plaintiffs' rights in and to her artwork.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 *et seq*.

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3. Defendant Zazzle, Inc. is subject to personal jurisdiction in California because it conducts substantial business in this district, has systematic and continuous contacts with this district, avails itself of the privileges and benefits of California law, and is organized and existing under the laws of the State of California.

4. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b)(2) and (c)(2) because Defendant is subject to personal jurisdiction in this district.

## PARTIES

5. Plaintiff Dorsz ("Plaintiff") is an individual domiciled and residing in Czempin, Poland.

6. Upon information and belief, Defendant Zazzle, Inc. is a corporation organized and existing under the laws of the State of California with its corporate headquarters located in Redwood City, California.

7. Zazzle is an e-commerce vendor that allows users to upload images of artwork, slogans, and designs for manufacturing and printing by Zazzle on a large variety of products, such as clothing, decals, posters, and much more.

8. It is in Zazzle's best interest to have a high variety of quality images on its website in order to attract customers looking for everything and anything to print on Zazzle's catalog of blank products. It financially benefits Zazzle to have its users/third-party designers upload popular images such as those created by Dorsz because they will naturally lead to greater product sales compared to images of lower artistic quality.

9. Zazzle holds a large inventory of blank items (e.g., shirts, mugs, key rings, etc.) at its warehouse(s) and prints images on those items only after a product is ordered by an end user buyer through the Zazzle.com website.

10. When a buyer purchases an item, a Zazzle employee or contractor will take a blank version of that item from the Zazzle warehouse and print the selected image on the item. Zazzle then packages and ships the purchased product(s) in a box bearing its Zazzle trademark.

11. Zazzle manages all material aspects of the transactions conducted on its website, including internet hosting, marketing, search engine optimization, production of merchandise, shipping, invoicing, billing, product return, and refunds. The user/third-party designer's role is limited to only uploading images, choosing the items to offer in connection with those images, setting the royalty rate, collecting on royalties.

12. Upon information and belief, Defendants Does 1-10, inclusive, are manufacturers and/or vendors of products offered for sale on the Zazzle Website, which Doe Defendants have manufactured, imported, supplied and/or distributed apparel and other products bearing unlawful reproductions of Plaintiff's artworks "Not Today" and "Overthinking and Also Hungry" ("Subject Designs") without Plaintiff's consent, or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants Does 1-10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names and will seek

3
COMPLAINT

leave to amend this complaint to show their true names and capacities when the same have been ascertained.

14. Upon information and belief, and at all times relevant hereto, alleges that each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

<strong><u>CLAIMS RELATED TO PLAINTIFF'S DESIGN</u></strong>

<strong><u>"NOT TODAY"</u></strong>

14. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for use, license and sale as a t-shirt design which was given the title "Not Today" (the "NT Artwork"). The NT Artwork was a creation of Plaintiff, and is, and at all relevant times was, owned exclusively by Plaintiff.

15. Plaintiff applied for a United States copyright registration for the NT Artwork. The resulting U.S. Copyright Registration No. VA 2-240-645 has an effective date of January 7, 2021.

16. Prior to the acts complained of herein, Plaintiff posted the NT Artwork and offered it for sale on t-shirts via websites including, but not limited to www.hottopic.com and www.threadless.com.

17. Following Plaintiff's publication and distribution of products bearing the NT Artwork, she discovered that certain entities and individuals had misappropriated the design and were selling products bearing illegal reproductions of the NT Artwork on the Zazzle Website.

18. Upon information and belief, and without Plaintiff's authorization, the above-named Defendant and the DOE Defendants created, sold, manufactured, caused to be created, manufactured, imported and/or distributed, apparel and other products bearing designs which are identical to the NT Artwork ("Infringing NT Product"). Below is a comparison of Plaintiff's NT Artwork and one exemplar of Infringing NT Product:

| The NT Artwork | Infringing NT Product Exemplar |
|---|---|
| [image: line drawing of a cat lying flat with text "NOT TODAY"] | [image: man wearing a black t-shirt featuring the same "NOT TODAY" cat design] |

19. The above comparison clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are substantially similar and/or identical.

20. The above exemplar is non-inclusive, and the allegations set forth herein are as to all product sold by Defendants, and each of them, that bear a design that is substantially similar to the NT Artwork.

21. On July 1, 2021, Plaintiff submitted a notice of copyright infringement to Zazzle in compliance with the DMCA. The notice was submitted via email to Zazzle at copyright@zazzle.com, the address listed in Zazzle's Copyright Policy page within the Zazzle Website. Annexed hereto as **Exhibit A** is a true and accurate copy of the July 1, 2021 DMCA takedown notice.

22. After it became apparent that Zazzle would not disable access to the URLs described in the notice, Plaintiff then submitted a separate DMCA takedown notice to Zazzle's content hosting provider – Fastly. It was only after Fastly forwarded Ms. Dorsz's takedown notice did Zazzle remove the infringing content.

23. On July 30, 2021, Plaintiff submitted a notice of copyright infringement to Zazzle, in compliance with the DMCA. The notice was submitted via email to Zazzle at copyright@zazzle.com, the address listed in Zazzle's Copyright Policy page within the Zazzle Website. Annexed hereto as **Exhibit B** is a true and accurate copy of the July 30, 2021 DMCA takedown notice.

24. Upon information and belief, the specific infringing listing mentioned in the July 30, 2021 notice of copyright infringement remained active on the Zazzle Website until at least September 16, 2021.

### CLAIMS RELATED TO PLAINTIFF'S DESIGN
### "OVERTHINKING AND ALSO HUNGRY"

25. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for use, license and sale as a t-shirt design which was given the title

"Overthinking and Also Hungry" (the "Overthinking Artwork").  The Overthinking Artwork was a creation of Plaintiff, and is, and at all relevant times was, owned exclusively by Plaintiff.

26. Plaintiff applied for a United States copyright registration for the Overthinking Artwork. The resulting U.S. Copyright Registration No. VA 2-263-723 has an effective date of July 29, 2021.

27. Prior to the acts complained of herein, Plaintiff posted the Overthinking Artwork and offered it for sale on t-shirts via websites including, but not limited to www.hottopic.com and www.threadless.com.

28. Following Plaintiff's publication and distribution of products bearing the Overthinking Artwork, she discovered that certain entities and individuals had misappropriated the design and were selling apparel and personal accessory products bearing illegal reproductions of the Overthinking Artwork on the Zazzle Website.

29. Upon information and belief, and without Plaintiff's authorization, the above-named Defendant and the DOE Defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed various apparel and products bearing designs which are identical to the Overthinking Artwork ("Infringing Overthinking Product").  Below is a comparison of Plaintiff's Overthinking Artwork and one exemplar of Infringing Overthinking Product:

//

//

//

//

//



30. The above comparison clearly shows that the elements, composition, colors, arrangement, layout, and appearance of the designs at issue are substantially similar and/or identical.

31. The above exemplar is non-inclusive, and the allegations set forth herein are as to all product sold by Defendants, and each of them, that bear a design that is substantially similar to the Overthinking Artwork.

32. On September 26, 2021 Plaintiff submitted a notice of copyright infringement to Zazzle, in compliance with the DMCA. The notice was submitted via email to Zazzle at copyright@zazzle.com, the address listed in Zazzle's Copyright Policy page within the Zazzle Website. Annexed hereto as **Exhibit C** is a true and accurate copy of the September 26, 2021 DMCA takedown notice.

33. As of the filing of this Complaint, the listings remain active on the Zazzle Website.

//

//

**DMCA SAFE HARBOR PROTECTION**

34. Plaintiff repeats, realleges, and incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

35. As an online service provider who hosts content for third parties, Zazzle is offered protection under the safe harbor provisions of the Digital Millennium Copyright Act (DMCA), 17 U.S.C. § 512.

36. Upon information and belief, Zazzle can remove each listing for infringing products that is hosted on the Zazzle Website.

37. Zazzle has a registered an agent with the United States Copyright Office for the purposes of investigating and complying with DMCA notices submitted to Zazzle.

38. Zazzle has failed to meet the requirements of 17 U.S.C. §512(c)(2) by failing to maintain accurate information for its designated agent with the United States Copyright Office and/or failing to provide accurate information to the public regarding its designated agent.

39. Upon information and belief, Zazzle designated legal@zazzle.com as the e-mail address for receipt of takedown notices sent pursuant to 17 U.S.C. §512, yet it requests that takedown notices be sent to copyright@zazzle.com.

40. Upon information and belief, Zazzle does not adequately monitor copyright@zazzle.com such that it could expeditiously remove infringing content.

41. Zazzle has either failed to act entirely or failed to expeditiously remove or disable access to the infringing material after receiving properly drafted notices of copyright infringement.

42. Upon information and belief, Zazzle had the right and ability to control the infringing activity that is the subject of this Complaint and also received a financial benefit directly attributable to the infringing activity.

43. Plaintiff never authorized the infringing uses of the Subject Designs as set forth above.

44. For each of the aforementioned reasons, Zazzle cannot claim protection under the DMCA's Safe Harbor as contemplated by 17 U.S.C. § 512.

**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against All Defendants, and Each)

45. Plaintiff repeats, realleges, and incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

46. Dorsz is, and at all relevant times has been, the owner of the Subject Designs.

47. The Subject Designs are copyrightable subject matter under 17 U.S.C. § 102(a)(5).

48. Dorsz has complied in all respects with the provisions and requirements of the Copyright Act.

49. Dorsz duly registered the copyrights in and to all of the Subject Designs with the United States Copyright Office prior to the acts complained of herein.

50. Dorsz has exclusive rights under 17 U.S.C. § 106 to reproduce, prepare derivative works of, distribute copies of, and publicly display the Subject Designs.

51. Without Dorsz's authorization, the Subject Designs were reproduced on distributed products and were publicly displayed on the Zazzle Website and offered for sale.

52. Defendants, and each of them, had actual knowledge of the infringement of Plaintiff's copyrights.

53. Zazzle had actual knowledge of the infringing listings on the Zazzle Website as a result of Plaintiff's DMCA takedown notices.

54. Dorsz provided notice to Zazzle in compliance with the DMCA and Zazzle failed to expeditiously disable access to or remove the infringing listings on the Zazzle Website.

55. In failing to disable and/or remove the infringing listings from the Zazzle after receipt of Plaintiff's DMCA notices, Zazzle acted willfully as contemplated by 17 U.S.C. § 504(c)(2).

56. Zazzle directly infringed Dorsz's copyrights by continuing to allow public access to the infringing listings on the Zazzle Website and/or Zazzle's server or on servers controlled by Zazzle or through access controlled by Zazzle to third party servers, and by continuing to allow sales of a vast array of infringing products.

57. Upon information and belief, Defendants, and each of them, had access to the Subject Designs, including, without limitation, through (a) access to Plaintiff's online design portfolio located at Tumblr.com and JustynaDorsz.com; (b) access to the Subject Designs listed for sale on t-shirts on various websites by Plaintiff including, but not limited to, HotTopic.com and Threadless.com; (c) access to illegally manufactured, imported and distributed copies of the Subject Designs by third-party vendors and/or the DOE Defendants, including without limitation international and/or overseas manufacturers and printing mills; and (d) t-shirts manufactured and sold to the public bearing items lawfully printed with the Subject Designs. Access is also established by the striking similarity between the Subject Designs and the corresponding artwork on Defendants', and each of their, infringing product.

58. Upon information and belief, one or more of the DOE Defendants has an ongoing business relationship with Defendant retailers, and each of them, and supplied products to said retailers, which products infringed the Subject Designs in that said products featured unauthorized print design(s) that were identical or substantially similar to the Subject Designs, or were an illegal derivation or modification thereof.

59. Upon information and belief, Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling apparel and/or other products which infringe the Subject Designs through Zazzle's nationwide and worldwide network.

60. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business, including without limitation, lost profits and lost licensing revenue, in an amount to be established at trial.

61. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

62. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs as alleged herein. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Designs in an amount to be established at trial.

63. Upon information and belief, Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

64. Plaintiff claims all damages and remedies available under 17. U.S.C. § 504.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement –

Against All Defendants, and Each)

65. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

66. Upon information and belief, Defendants, and each of them, knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of apparel and other products featuring the Subject Designs as alleged herein.

67. Upon information and belief, Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

68. By reason of the Defendants' acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

69. Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Designs, in an amount to be established at trial.

70. Upon information and belief, Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

//

//

//

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against All Defendants

With Respect to Each Claim for Relief

a. Against Defendants, and each of them, for willful copyright infringement;

b. Alternatively, against Defendants, and each of them, for copyright infringement;

c. Against Defendants, and each of them, for vicarious and contributory copyright infringement;

d. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those in and to the Subject Designs;

e. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 504, *et seq.*;

f. That Plaintiff be awarded its statutory damages and attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505, *et seq.*;

g. That Defendants account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

h. That Plaintiff be awarded the costs of this action;

i. That Plaintiff be awarded pre-judgment interest as allowed by law; and

j. That Plaintiff be awarded such further legal and equitable relief as the

Court deems proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE PURSUANT TO FED. R. CIV. P. 38 AND THE 7TH AMENDMENT TO THE UNITED STATES CONSTITUTION.

Dated: November 1, 2021                      Respectfully submitted,

By:     /s/Vinod Nichani

Vinod Nichani, Esq. (Bar # 277607)
Nichani Law Firm
111 N. Market Street, Suite 300
San Jose, California 95113
Telephone: 408-800-6174

/s/ Dmitry Lapin
Dmitry Lapin, Esq.
Pending Admission *Pro Hac Vice*
Danchuk Law LLC
2 Victoria Lane
Falmouth Maine 04105
207-464-0099
dmitry@emilyesquire.com